FILED
CLERK
12/3/2015 3:47 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHARON LASHLEY,

                Petitioner,

  -against-

NASSAU COUNTY CORRECTIONAL FACILITY,
and BEDFORD HILLS CORRECTIONAL FACILITY

                Respondents.
----------------------------------------------------------X
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
12-CV-5629 (SJF)

In 2012, petitioner Sharon Lashley ("petitioner" or "Lashley") received a sentence of ninety (90) days for a parole violation, but was detained for an additional two (2) weeks following an arraignment on unrelated charges. During that two (2)-week period, she filed this application pursuant to 28 U.S.C. § 2254, *pro se*, seeking her immediate release from jail. The petition is DISMISSED AS MOOT for the reasons that follow.

I.      BACKGROUND

On July 30, 2012, petitioner was jailed for ninety (90) days for a parole violation, to be released on October 30, 2012. Petition (Pet.) 2, 6. She initially was initially held at the Bedford Hills Correctional Facility (Bedford Hills), but was transferred to Nassau County Correctional Facility (Nassau County) (collectively, "defendants") for an October 18, 2012 hearing on unrelated felony charges, at which bail was set for ten thousand dollars ($10,000). Pet. 6. Although petitioner's husband posted bail, defendants did not release her on October 30, 2012. Pet. 6. On November 13, 2012, she filed an application pursuant to 28 U.S.C. § 2254 seeking a court order requiring defendants "to lift the hold on petitioner and release petitioner from Nassau County jail." [Docket No. 1]; Pet. 15.

By letter dated December 17, 2012, counsel for Bedford Hills requested dismissal, arguing that petitioner's application was moot because she had been transferred to state custody on November 14, 2012. [Docket No. 7]. The New York State Attorney General joined in the application by letter dated January 3, 2013, confirming that petitioner was transferred to the custody of the state parole board on November 14, 2012. [Docket No. 8].[1]

II. DISCUSSION

Article III's "case or controversy" requirement deprives a federal court of subject-matter jurisdiction over moot cases, and requires a federal court to dismiss a moot case *sua sponte* at any time during the litigation. *E.g.*, *Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.*, 941 F. Supp. 2d 406, 415 (S.D.N.Y. 2013); *see Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004) (dismissing appeal of denial of 28 U.S.C. § 2254 petition as moot *sua sponte*) (citations omitted). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome." *Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (citations and internal quotations omitted). In the context of a 28 U.S.C. § 2254(a) application, Article III's "case or controversy" requirement is satisfied when the petitioner is in custody, or faces collateral consequences stemming from a conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.")

---

[1] Although both letters were initially docketed as motions, they were subsequently terminated for filing deficiencies.

Petitioner states that she is "not challenging [her] conviction, [she is] challenging the hold on [her]," and does not challenge any other aspect of her detention. Pet. 2. Because petitioner is no longer subject to this "hold," there is no longer a live case or controversy, and the court has no jurisdiction in the matter. *Cf. Cobos v. Unger*, 534 F. Supp. 2d 400, 404 (W.D.N.Y. 2008) (dismissing parolee's 28 U.S.C. § 2254 petition *sua sponte* for mootness because petition challenged only previous parole denials).

### III.   CONCLUSION

For the foregoing reasons, Lashley's petition under 28 U.S.C. § 2254 is DISMISSED AS MOOT. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Lashley, and to mark this case CLOSED.

**SO ORDERED**.

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 3, 2015
       Central Islip, New York